**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TERRANCE COOK,** | : | |
| *Plaintiff* | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **TRANSUNION** *et al.*, | : | **No. 23-1146** |
| *Defendants* | : | |

**M E M O R A N D U M**

PRATTER, J.                                                          JANUARY 10, 2024

Terrance Cook alleges that he has notified either TransUnion, Capital One, or both, regarding items that the entities are fraudulently reporting about him in violation of the Fair Credit Reporting Act. Mr. Cook alleges that this has caused him significant emotional and financial stress and impaired his ability to obtain credit. Trans Union brought the present motion for judgment on the pleadings, arguing that Mr. Cook has not alleged any required inaccuracy in Trans Union's credit reporting that would constitute a violation of the FCRA.

The pleadings have not yet closed because Capital One, the other defendant in this matter, has not filed an answer. At the same time, the Court will treat Trans Union's motion as a motion to dismiss. Although the Court agrees with Trans Union and finds that Mr. Cook has not pled facts sufficient to state a claim, the Court recognizes that Mr. Cook is proceeding *pro se*; thus, in the interest of justice, Mr. Cook will have another chance to describe his case.

## BACKGROUND

Construing Mr. Cook's allegations liberally, it appears that Mr. Cook has sent countless disputes to Trans Union[1] about the company fraudulently reporting about him on Mr. Cook's credit report. Mr. Cook alleges that these disputes have occurred for over two years and that he has even asked Experian to remove these reports, which has been an unsuccessful endeavor. This has led to Mr. Cook being unable to obtain credit while suffering from collection companies harassing him.

Mr. Cook then brought claims against TransUnion and Capital One for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681. TransUnion filed its answer shortly thereafter and then filed the present motion for judgment on the pleadings. Capital One has not yet entered an appearance here.

## LEGAL STANDARD

The Federal Rules of Civil Procedure permit a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). "The pleadings are closed after an answer is filed, along with a reply to any additional claims asserted in the answer." *Atiyeh v. Nat'l Fire Ins. Co. of Hartford*, 742 F. Supp. 2d 591, 595 (E.D. Pa. 2010) (citing *Austin Powder Company v. Knorr Contracting, Inc.*, No. 3:08-cv-1428, 2009 WL 773695, at *1 (M.D. Pa. Mar. 20, 2009)). The Court of Appeals for the Third Circuit has not addressed the question of whether the pleadings are closed in a multi-defendant case if one, but not all, of the defendants has answered the complaint. *Nagy v. De Wese*, 705 F. Supp. 2d 456, 460 n.4 (E.D. Pa. 2010). Though not binding on the Court, a number of districts within the Third Circuit and in other circuits "have held that the pleadings are not closed in a multi-defendant case until all defendants

---

[1]     Mr. Cook writes in the Complaint that he has "Sent Countless Disputes to this Company" and does not specifically refer to Trans Union here. However, Mr. Cook does include Trans Union's name in the previous line asking for the date and time of when the events that gave rise to his claims occurred.

have answered the complaint." *Id.*; *see, e.g.*, *United States ex rel. Barlett v. Tyrone Hosp., Inc.*, No. 3:2004-57, 2009 WL 1010479, at *1 (W.D. Pa. Apr. 14, 2009) ("[N]ot all of the other defendants have filed answers to the Second Amended Complaint and therefore, the pleadings are not closed so that a Rule 12(c) motion can be made."); *DJCBP Corp. v. City of Baldwin Park*, No. 2:23-cv-384-CAS (PVCx), 2023 WL 5962607, at *2 (C.D. Cal. Aug. 3, 2023) ("[W]hen a plaintiff sues multiple defendants and one of them answers and then files a Rule 12(c) motion, that motion is premature if the other defendants have not answered.").

However, because a motion for judgment on the pleadings is analyzed under the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 195 (3d Cir. 2019) (citation omitted), the Court will construe Trans Union's motion as a motion to dismiss. *See Barlett*, 2009 WL 1010479, at *1 ("One commentary has recognized generally that Rule 12(c) motions can be treated as Rule 12(b)(6) motions when the relief requested derives from that section of the rule.") (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1367 (3d ed. 2004)).

In analyzing a motion to dismiss under Rule 12(b)(6), a court is "required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn from [the allegations] after construing them in the light most favorable to the non-movant." *Conrad v. Pa. State Police*, 902 F.3d 178, 182 (3d Cir. 2018) (quoting *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court also liberally construes a pro se litigant's pleadings. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

**DISCUSSION**

Although it is unclear from the Complaint what section of the FCRA Mr. Cook alleges Trans Union is violating, it appears that he is, in part, alleging a violation of § 1681e(b). *Compare* Compl. at 3, Doc. No. 1 ("I have Sent Countless Disputes to this Company about the Items that they are Fraudulently Reporting on me.") *with* 15 U.S.C. § 1681e(b) ("Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."). It also appears that Mr. Cook is alleging a violation of § 1681i. *Compare* Compl. at 3, Doc. No. 1 ("I've Continuously Asked EXPERIAN, Inc[.] to remove these items[,] [b]ut to no avail.") *with* 15 U.S.C. § 1681i(a)(1)(A) (prescribing that if a consumer disputes the "accuracy of any item of information" in the consumer's file, the agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate[.]").

Finding negligent noncompliance of 1681e(b) requires four elements: "(1) inaccurate information was included in a consumer's credit report; (2) the inaccuracy was due to defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered injury; and (4) the consumer's injury was caused by the inclusion of the inaccurate entry." *Cortez v. Trans Union, LLC*, 617 F.3d 688, 708 (3d Cir. 2010) (quoting *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996)).

Here, however, Mr. Cook has not alleged sufficient facts regarding whether inaccurate information was included in his credit report. Mr. Cook's complaint merely states that there are "[i]tems" that Trans Union is "[f]raudulently [r]eporting" on him, though Mr. Cook does not give any description as to what these "items" constitute or whether they are indeed inaccurate. Compl.

4

at 3, Doc. No. 1. Mr. Cook needs to include facts beyond "[t]hreadbare recitals of the elements of a cause of action" under § 1681e(b). *Iqbal*, 556 U.S. at 678. This could include facts that "(1) identif[y] the accounts at issue, (2) describe[] the allegedly false and misleading information that appears in the accounts, (3) state[] that [Mr. Cook] filed a dispute regarding the false and misleading information[,] or (4) allege[] that [the defendants] failed to investigate and modify the inaccurate information." *Pressley v. Capital One*, 415 F. Supp. 3d 509, 513 (E.D. Pa. 2019). As currently pled, Mr. Cook's complaint does not survive a motion to dismiss.

Nor do Mr. Cook's claims under § 1681i(a)(1)(A) survive. A claim brought under § 1681i must include "a showing that the reported information was in fact inaccurate." *Bibbs v. Trans Union LLC*, 43 F.4th 331, 344 (3d Cir. 2022) (quoting *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 67 (1st Cir. 2008)). As discussed above, Mr. Cook, however, has not made a showing that the reported information contained within his credit report was inaccurate. Thus, Mr. Cook's claims under § 1681i(a) also fail.[2]

Finally, Federal Rule of Civil Procedure 15 provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Mr. Cook's complaint alleges that he has suffered great harm, and allowing him another chance to plead his case "serves the interest of justice, particularly in light of [his] pro se representation." *See Williams v. Phila. Water Dep't*, No. 234728, 2023 WL 5044961, at *3 (E.D. Pa. Aug. 8, 2023). Thus, Mr. Cook may amend his complaint to attempt to overcome the deficiencies outlined in Trans Union's motion and as discussed above.

---

[2]     Trans Union also argues that Mr. Cook's § 1681i(a) claim only explicitly names Experian, a non-party to this suit and thus the claim is not against Trans Union. However, liberally construing Mr. Cook's complaint as a whole would suggest that he is making this claim against named parties as well.

## CONCLUSION

Because Mr. Cook has not pled sufficient facts to state a claim at this juncture, the Court grants Trans Union's motion, though the Court permits Mr. Cook to submit an amended complaint.


BY THE COURT:


GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE